MARGUERITE B. LYNCH, Respondent, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant, and SARAH D. LYNCH, Interpleaded Defendant, Appellant.— Action upon a policy of insurance issued upon the life of Thomas N. Lynch, deceased, brought by his widow as the beneficiary named in the policy. The insurance company interpleaded the mother of the decedent, a claimant to the proceeds of the policy, on the theory that she had an assignment thereof and had been named as beneficiary under the right outstanding in the deceased to change the beneficiary. Judgment for plaintiff reversed on the law and the facts, without costs, and judgment directed in favor of the defendant Sarah D. Lynch on her counterclaim, without costs. The finding of the referee that the plaintiff wife was the equitable owner of the policy as a consequence of an oral arrangement respecting it is against the weight of the evidence and contrary to the credible evidence. The plaintiff, estranged wife of the decedent, at no time during his life ever asserted that she was the owner of the policy or had any claim to it other than that which might be based upon possession of the policy and the fact that she was named as beneficiary. She obtained no written assignment of rights in the policy and only asserted that she was the equitable owner of the policy after the decedent's death. During his lifetime, as the referee found, the decedent insisted upon a return of the policy on the theory that he was rightfully entitled to the possession thereof. On the occasions of these demands the plaintiff wife at no time claimed that she was entitled to retain the policy because she was the owner thereof as distinguished from merely being named beneficiary thereunder. The relationship between the parties excluded any notion that the decedent had any solicitude for the plaintiff but on the contrary revealed that he had a basis for grievance respecting her. The decedent had an absolute right, in the absence of any such equitable assignment as the plaintiff wife claimed, to change the beneficiary under the policy in question and to assign it as he did to his mother, the defendant Sarah D. Lynch. The latter, therefore, is entitled to the proceeds of the policy. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur. Settle order on notice.